**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Duran, | No. CV-19-04779-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| National Interstate Insurance Company, | |
| Defendant. | |

Pending before this Court is Defendant's Motion to Dismiss (Doc. 7) the Complaint (Doc. 1).[1] Plaintiff filed a Response (Doc. 8), and Defendant filed a Reply (Doc. 9). Plaintiff Richard Duran ("Plaintiff") brought this action against National Interstate Insurance Company ("Defendant") for an alleged breach of the implied duty of good faith and fair dealing. Plaintiff's Complaint ("Complaint") alleges Defendant acted in bad faith in relation to an ongoing workers' compensation case currently pending in the California Division of Workers Compensation.

## I. Background

Plaintiff is an Arizona Resident who was hired as a truck driver by Peoplease, LLC, ("Peoplease") a California Company. (Doc. 1). Defendant is a foreign insurer that issued Peoplease's workers' compensation insurance policy ("Policy"). (*Id.*) The Policy only provided workers' compensation coverage in the state of California. (Doc. 7-3 at 7). In

---

[1] Plaintiff requested oral argument on this matter. The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

June 2017, Plaintiff suffered an on the job injury while working in Missouri and subsequently filed a claim for workers' compensation benefits. (Doc. 1). Defendant accepted Plaintiff's claim and provided coverage for various health care treatments. (*Id.*) In July 2017, Plaintiff filed a claim with the Industrial Commission of Arizona ("Arizona Claim"). (*Id.*) Defendant filed a Notice of Claim Status, denying coverage over the Arizona Claim because the Policy only covered California workers' compensation claims. (Doc. 7, Ex. 5-2 at 2). Soon after the denial, Plaintiff filed a claim in California's Division of Workers' Compensation ("California Claim"). (*Id.*)  Plaintiff's California Claim is ongoing. (*Id.*) During the California Claim process, Plaintiff argued that Defendant acted in bad faith by delaying and denying coverage. (*Id.*) Plaintiff filed this action alleging further bad faith actions by Defendant, such as refusing to pay reimbursement for travel, relying on an incomplete investigation of the claim, and directing care with an eye toward saving money. (Doc. 1).

## II. Legal Standards

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure ("Rule") 12(b)(1) authorizes a court to dismiss a claim if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the court may dismiss a complaint when the allegations and documents attached to the complaint are insufficient to confer subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 (9th Cir. 2003). In this context, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

### B. Motion to Dismiss Standards

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8 requires

"more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009)). To avoid a rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id*. A complaint providing "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court must interpret the acts alleged in the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Shwarz v. United States*¸ 234 F.3d 428, 435 (9th Cir. 2000).

## III. Analysis

Plaintiff's Complaint contains a single claim that Defendant breached the implied duty of good faith and fair dealing during the handling of Plaintiff's workers' compensation claim. (Doc. 1). Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's bad faith claim because California law controls Plaintiff's workers' compensation claim, and California law dictates that its workers' compensation system is the exclusive remedy for a workers' compensation claim, and it prohibits a bad faith workers' compensation claim. (Doc. 7). Plaintiff, however, argues that he can simultaneously pursue his workers' compensation claim in California and this bad faith action. (Doc. 8).  In other words, Plaintiff does not dispute that California law would bar his bad faith claim, rather he argues that Arizona law, not California law, should govern this bad faith claim here. (*Id.*) Plaintiff and Defendant engage in an extensive choice of law analysis; however, the Court finds that such analysis is unnecessary because both Arizona and California law prohibit Plaintiff's bad faith claim.

Unlike in California, Arizona's workers' compensation system allows an employee

to bring an independent common-law claim for workers' compensation bad faith actions. *See Hayes v. Continental Ins. Co.*, 872 P.2d 668 (Ariz. 1994). Pursuant to Arizona law, "the law of the state in which an employee's workers' compensation is paid determines the assignment rights of the employer and employee." *Jackson v. Eagle KMC L.L.C.*, 431 P.3d 1197, 1198 (Ariz. 2019); *see also Osborn v. Liberty Mut. Ins. Co.*, 725 P.2d 725, 726 (Ariz. Ct. App. 1986); *Quiles v. Heflin Steel Supply Co.*, 699 P.2d 1304, 1309 (Ariz. Ct. App. 1985). In other words, an employee's rights under a workers' compensation system is determined by the state providing the workers' compensation benefits. *See Osborn*, 725 P.2d at 726 (holding Indiana law governed an Arizona resident's workers' compensation claim when he was receiving benefits under Indiana workers' compensation, resulting in the Indiana Industrial Board being the exclusive remedy available); *Quiles*, 699 P.2d at 1308 (holding that California law governed an employee's workers' compensation claim because the employee sought and received workers' compensation in California).

California Labor Code establishes California's workers' compensation system as the exclusive remedy available to an employee for a cause of action that arises from a compensable workplace injury. *King v. CompPartners, Inc.*, 423 P.3d 975, 981 (Cal. 2018). In determining whether exclusivity bars a cause of action against an employer or insurer, California courts initially determine whether the alleged injury falls within the scope of the exclusive remedy provisions. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 14 P.3d 234, 243 (Cal. 2001). California courts have "consistently held that injuries arising out of and in the course of the workers' compensation claims process fall within the scope of the exclusive remedy provisions because this process is tethered to a compensable injury." *Id.* at 246. Accordingly, California has "barred all claims based on disputes over the delay or discontinuance of workers' compensation benefits, including those claims seeking to recover economic or contractual damages caused by the mishandling of a workers' compensation claim." *Id.* (internal citations and quotation omitted).

Plaintiff sought and received benefits under California workers' compensation, thus pursuant to Arizona law, California workers' compensation scheme determines his rights

with regards to his bad faith claim. As Plaintiff is continuing to pursue benefits under California workers' compensation and the crux of Plaintiff's bad faith claim is that Defendant mishandled his works' compensation claim, pursuant to Arizona law, this Court finds that California's workers' compensation scheme governs. *See Osborn*, 725 P.2d at 726.

Accordingly, because California's workers' compensation law makes the rights and remedies granted therein to the employee exclusive, and Plaintiff sought and received benefits under California workers' compensation, he cannot pursue his bad faith action here. Although leave to amend a complaint should be freely given, amending Plaintiff's Complaint would be futile as Plaintiff cannot plead facts to demonstrate that this Court would have subject matter jurisdiction over Plaintiff's bad faith claim. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). As a result, the Court will grant Defendant's Motion to Dismiss with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and Plaintiff's case is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

Dated this 17th day of March, 2020.

Honorable Diane J. Humetewa
United States District Judge

- 5 -